UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RICKY LANE (#112874)**                            **CIVIL ACTION**
    **A/K/A RICKY LANG**

**VERSUS**

**STEVE RADER**                                          **NO. 09-0054-JJB-DLD**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 30, 2009.

                                            **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RICKY LANE (#112874)**                                               **CIVIL ACTION**

     **A/K/A RICKY LANG**

**VERSUS**

**STEVE RADER**                                                        **NO. 09-0054-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Ricky Lane, challenges his conviction and 20-year sentence, entered in 1990 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of attempted armed robbery, as enhanced by a multiple offender adjudication.  The petitioner contends that his sentence was improperly amended in 1997, with the state trial court not having jurisdiction to amend or modify the sentence after the execution thereof had begun.

The record reflects that the petitioner was tried by jury in January, 1990, and was found guilty of attempted armed robbery, a violation of La. R.S. 14:64 and 14:27, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  He was thereafter sentenced, on August 17, 1990, to twenty (20) years imprisonment. The petitioner appealed the conviction and sentence, contending that the trial court (1) erred in denying a motion to suppress the photographic lineup, (2) erred in allowing introduction of the photographic lineup, (3) erred in denying a motion for mistrial, and (4) erred in imposing an excessive sentence.  On May 16, 1991, the conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit. The petitioner did not seek further appellate review in the Louisiana Supreme Court.

On or about October 1, 1991, the petitioner filed an application for post-conviction relief in the state district court, contending that the trial court's jury instructions (1) misled the jury regarding the degree of doubt required for conviction, and (2) provided an erroneous instruction regarding specific intent. On August 12, 1993, the trial court denied the petitioner's application, and a subsequent application for supervisory review in the intermediate state appellate court was denied on January 28, 1994. Although the petitioner thereafter filed an untimely application for further supervisory review before the Louisiana Supreme Court, he subsequently moved to withdraw this application, which motion was granted by the Louisiana Supreme Court on June 30, 1995. See State ex rel. Lane v. State, 657 So.2d 1013 (La. 1995).[1]

After the conclusion of the petitioner's post-conviction relief proceedings, it appears that he filed, on or about April 18, 1996, a motion to correct illegal sentence in the state trial court. In this motion, the petitioner contended that his sentence was illegally lenient under state law because the trial court failed to order that the sentence be served without the benefit of parole, probation or suspension of sentence. Although this motion was denied in the trial court on June 4, 1996, the intermediate appellate court thereafter reversed the decision of the lower court on October 16, 1997, and found the sentence to be in fact illegally lenient. Accordingly, the matter was remanded to the state trial court for re-sentencing. It appears that on November 5, 1997, the state trial court did in fact amend the petitioner's sentence as directed. It does not appear that the petitioner sought direct review of the amended sentence in the state appellate courts. The State asserts, however, that the petitioner thereafter filed numerous motions to correct illegal sentence in the state trial

---

[1] During the pendency of the petitioner's appeal relative to his application for post-conviction relief, the petitioner filed a habeas corpus petition in this Court. Ricky Lang v. First Circuit Court of Appeals, State of Louisiana, Civil Action No. 93-0827-FJP-CN. This application was denied because the petitioner had not yet exhausted available state court remedies with regard to the claims asserted. This determination was subsequently upheld by the United States Court of Appeals for the Fifth Circuit, by Mandate entered February 27, 1995.

court, all of which were denied in both the trial and the intermediate appellate courts, with the petitioner seeking no supervisory review before the Louisiana Supreme Court.

Finally, on January 29, 2009, the petitioner filed the instant habeas corpus application in this Court, asserting that his sentence is illegal because the trial court did not have jurisdiction to amend his sentence in 1997, once the execution thereof had begun, relying upon Louisiana procedural statutes. Based upon the foregoing, the Court concludes that the petitioner's application is without merit and must be dismissed.

Initially, the State contends that the petitioner's application in this Court is a "second or successive habeas corpus application" and is therefore barred unless the petitioner first obtains permission to proceed from the United States Court of Appeals for the Fifth Circuit, relying upon 28 U.S.C. § 2244(b). This contention is without merit. The petitioner's initial habeas application in this Court was dismissed on procedural grounds because the petitioner had not yet exhausted available state court remedies. In such instance, the law is clear that, "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petitioner." Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, § 2244(b) does not apply, and the petitioner need not seek prior authorization before asserting his claims in this proceeding.

The State next contends that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part, that "[t]he limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." The statute further provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section."

In the instant case, the petitioner's sentence arguably became final on or about December 5, 1997, upon expiration of the time allowed for seeking supervisory review of the petitioner's amended sentence in the state trial court on November 5, 1997.[2] Accepting this date of finality, the petitioner had one year from that date, or until December 5, 1998, within which to either assert his habeas claims in federal court or to interrupt the running of the one-year time clock by pursuing post-conviction relief proceedings in state court. Whereas the State contends that, "no ... motions to correct illegal sentence, or any other arguable 'other collateral review' pleadings, were filed" by the petitioner during this one-year period between December 5, 1997 and December 5, 1998, the Court must reject this conclusory assertion. In the first place, as acknowledged by the State, the Clerk of Court for the Nineteenth Judicial District Court has been unable to locate and produce the entirety of the state court record for review by this Court. Accordingly, the Court is unable to confirm the State's assertion regarding the existence or nonexistence of any filings by the petitioner during this period which may have tolled the running of the limitations period. Moreover, it appears clear that the State is simply wrong in its assertion that there were no filings or proceedings pending during this period. The limited portions of the state court record which have been produced to this Court reflect the denial of a writ application by the Louisiana Court of Appeal on February 6, 1998, suggesting that some form of proceeding was pending during this time. Accordingly, in light of this apparent inaccuracy, and in the absence of the state court record to confirm the nature and extent

---

[2] The petitioner's conviction initially became final on or about June 16, 1991, upon affirmance of his conviction and sentence by the Louisiana Court of Appeal for the First Circuit on May 16, 1991, and after the elapse of the delays for the petitioner to seek further review in the Louisiana Supreme Court. However, prior to the effective date of 28 U.S.C. § 2244(d), with its associated limitations provision, the petitioner filed a motion to correct illegal sentence in the trial court, and this motion for "other collateral review" arguably remained pending and arguably tolled the running of the limitations clock until the petitioner was ultimately re-sentenced by the trial court in November, 1997. While there may be some question, as argued by the State, whether the petitioner's motion to correct illegal sentence constituted a motion for "other collateral review" within the meaning of § 2244d, and whether the petitioner's amended sentence created a new date of finality for his conviction, thus re-starting the one-year time clock, the Court need not resolve these issues at the present time.

of any proceedings which may have been filed or pending during the time between December, 1997, and the filing of the instant habeas proceeding in January, 2009, the Court is unable to find that the petitioner's application is in fact untimely.

Similarly, the Court must reject the State's next assertion, i.e., that the petitioner has failed to exhaust his claim by fairly presenting same before the state courts as mandated by 28 U.S.C. § 2254(b) and (c). Under this statute, a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, either on direct review or on post-conviction attack. Bufalino v. Reno, 613 F.2d 568, 570 (5th Cir. 1980). A claim has been properly exhausted only when a petitioner has "fairly presented the substance of his claim to the state courts". Moore v. Quarterman, 491 F.3d 213 (5th Cir. 2007).

Although the State contends that the petitioner has not fairly presented the claim asserted herein before the state district and appellate courts, the Court is unable to definitively determine this issue because, as previously noted, the Court does not have before it a copy of the state court record. Accordingly, the Court cannot conclude, based only on the conclusory assertions of counsel for the State, that the petitioner has exhausted or has failed to exhaust his claim by presenting it for review before the state courts. For this reason, therefore, the Court must reject the State's argument in this regard.

Finally, and notwithstanding the foregoing, it appears that the petitioner's application may be denied on substantive grounds. In this regard, a federal habeas court is directed to entertain an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In the instant case, the petitioner points only to a claimed error in the state court's application of state statutory law, and he fails to effectively refer to a federal statute, constitutional provision, or reported decision raising

a federal issue.  Specifically, the petitioner complains of the state court's application of articles 881 and 882 of the Louisiana Code of Criminal Procedure, apparently asserting that the former article provides that a court is without jurisdiction to amend a felony sentence involving hard labor after execution thereof has begun.  See, e.g., State v. McCoy, 869 So.2d 918 (La. App. 4th Cir.), writ denied, 883 So.2d 1044 (La. 2004)("Because the defendant had already begun serving his sentence, the court was without authority to modify or amend his sentence ....").  However, notwithstanding the petitioner's contention that article 882 "does not provide authority for a court to amend or modify a sentence" under the circumstances presented herein, it is clear that Code Crim. Pro. art. 882 provides, nonetheless, that "[a]n illegal sentence may be corrected at any time."  Numerous reported decisions in Louisiana, have applied this latter article to correct sentences, even after execution thereof had begun, which under state law were required to be served without the benefit of probation, parole or suspension of sentence, but which, through inadvertence, were entered without this provision.  See, e.g., State v. Harris, 665 So.2d 1164 (La. 1996); State v. Desdunes, 579 So.2d 452 (La. 1991) (overruled on other grounds).  It is further recognized that such correction may be accomplished ministerially, through an amendment of the sentence in the court minutes as was done in the instant case, or may be accomplished after a hearing in open court.  See State v. Harris, supra.  Although the Louisiana Supreme Court has held that an appellate court should not undertake such a correction sua sponte, without a request from either the State or from the defendant, because of the potential "chilling effect" such action might have upon a defendant's interest in appealing his conviction, see State v. Fraser, 484 So.2d 122 (La. 1986), in the instant case, it was the petitioner himself who specifically moved to correct the illegally lenient sentence in the state courts.  Accordingly, the Court finds no error of state law in the instant case.  And even if error were present, state courts are "the ultimate expositors of state law," Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).  Specifically, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."

Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(rejecting the contention that a state-intermediate-court error with respect to state law constituted a basis for federal habeas relief). Simply put, "federal habeas corpus relief does not lie for errors of state law." Id. Accordingly, the petitioner's argument is without merit and must be rejected.

Finally, to the extent that the petitioner's application may be liberally interpreted as asserting that his re-sentence in 1997 violated the rule set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), that a re-sentencing judge may not constitutionally impose a more severe sentence upon a defendant after an appeal without reciting independent objective conduct occurring after the original sentence to justify the harsher result, the petitioner's contention must also fail. The main reason for this rule is to avoid a so-called chilling effect upon the defendant's right to appeal, i.e., to avoid the possibility that the re-sentencing judge will vindictively impose a stiffer sentence in retaliation for the defendant having successfully exercised his right to appeal. In the instant case, however, it is abundantly clear that the petitioner's re-sentencing was not undertaken in retaliation for his having successfully pursued his motion to correct the illegal sentence. Rather, the petitioner himself effectively prayed for the sentence he received when he prayed that the sentence, which was illegal under state law because it did not provide that it was to be served without probation, parole or suspension of sentence, be corrected to conform to state law. Although the re-sentence resulted in a harsher penalty in fact, the Due Process Clause is only offended by increased punishment after appeal when there is a realistic likelihood of vindictiveness. See Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). The sentence in the instant case, as corrected at the explicit request of the petitioner, imposed a valid rather than an invalid punishment. Accordingly, under the facts of this case, there is no suggestion of vindictiveness or retaliation, and therefore no violation of the rule set forth in North Carolina v. Pearce, supra.

Based on the foregoing, it is clear that the petitioner's application for corpus relief in this Court is without merit and should be dismissed.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on October 30, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**